UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TORREY JONES,

      Plaintiff,

v.                                    Case No.:  8:26-cv-00009-AAS

OFFICER MEGAN MERINO,

      Defendant.

_____/

## ORDER

Defendant Officer Meghan Merino moves to stay this case pending interlocutory appeal of the court's order (Doc. 45) denying Officer Merino's qualified immunity defense. (Doc. 48). Plaintiff Torrey Jones did not respond to the motion, and the time for doing so has expired.[1]

A district court's order denying the defense of qualified immunity is an immediately appealable order under 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) ("[W]e hold that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."). Typically, when an

---

[1] "A party may respond to a motion within fourteen days after service of the motion . . . If a party fails to timely respond, the motion is subject to treatment as unopposed." Local Rule 3.01(d), M.D. Fla.

interlocutory appeal is taken from the denial of immunity, a stay of the district court's proceedings is warranted, unless the appeal is frivolous. Courts in this district have stayed proceedings pending an interlocutory appeal under similar circumstances. *See, e.g., H.A.L. v. Foltz*, No. 3:05-cv-873-J-33MCR, 2008 WL 591927, at *1 (M.D. Fla. Feb. 28, 2008); *Little v. Williams*, No. 6:00-cv-1255-Orl-31DAB, 2002 WL 34358762, at *1 (M.D. Fla. June 20, 2002).

The trial of this case was set to commence on December 7, 2026. (Doc. 42). A stay of this action will conserve judicial resources until the Eleventh Circuit determines whether Officer Merino is entitled to the qualified immunity defense. *See Forsyth*, 472 U.S. at 528 (explaining that such an appeal requires the appellate court only to determine questions of law: "whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions"). Thus, this threshold question is now before the Eleventh Circuit and has not yet been resolved by that court. Until that time, Officer Merino should not be subjected to trial.

Accordingly, it is **ORDERED** that:

(1)     Officer Merino's Motion to Stay Pending Appeal (Doc. 48) is **GRANTED**.

(2)     This case is **STAYED** pending Officer Merino's appeal to the Eleventh Circuit. (Doc. 49).

(3)     The pending motion to strike (Doc. 47) is **DENIED without**

**prejudice** and may be reasserted post-appeal as appropriate.

(4)    The Clerk is **DIRECTED** to administratively close this case.

**ENTERED** in Tampa, Florida, on June 30, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

3